United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROOZ ENAYATI,<br><br>           Plaintiff,<br><br>   v.<br><br>JC PENNEY CO., et al.,<br><br>           Defendants.<br>_____/ | No. C 03-2103 PVT<br><br>**ORDER GRANTING R.A.S. BUILDERS'**<br>**MOTION FOR SUMMARY JUDGMENT** |

## I.     INTRODUCTION

Plaintiff Rooz Enayayti ("Plaintiff") alleges that during the course and scope of his employment for Lifetouch Portrait Studios, he fell and was injured inside a J.C. Penney store.   Defendant J. C. Penney Company, Inc. ("J.C. Penney") cross-claimed against RAS Builders, Inc. ("RAS"),  Johnson Controls, Inc. and Varsity maintenance Service for indemnity.  Plaintiff also filed a Worker's Compensation Action that was resolved by a Compromise and Release, approved on July 22, 2003.

Cross-Defendant and Cross Claimant RAS' Motion for Summary Judgment is currently before the Court.  No party filed an opposition to the Motion.  On May 27, 2005, J.C. Penney filed a Notice of Voluntary Dismissal.[1]  The matter came on for hearing on May 31, 2005 and only RAS

---

[1] Under Rule 41, a Plaintiff may dismiss an action without an order of court by filing a stipulation signed by all parties who have appeared in the action.  Although RAS signed the Notice of Dismissal, it was not signed by all the parties who have appeared in the action.  Accordingly, the Notice is not effective to terminate the

1  appeared.

2  **II.    DISCUSSION**

3      **A.    Legal Standard**

4      Summary judgment is warranted if the pleadings and evidence "show that there is no genuine
5  issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
6  Fed.R.Civ.P., Rule 56(c). The moving party bears the initial burden of demonstrating the absence of a
7  genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, the
8  moving party has no burden to negate or disprove matters on which the non-moving party will have the
9  burden of proof at trial. The moving party need only point out to the court that there is an absence of
10 evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. The burden then shifts to the
11 non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477
12 U.S. at 324 (quoting Rule 56(e)). "The mere existence of a scintilla of evidence . . . will be insufficient;
13 there must be evidence on which the jury could reasonably find for the [non- moving party]." Anderson v.
14 Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Where the record taken as a whole could not lead a
15 rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric
16 Industrial Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

17     **B.    Facts**

18     Plaintiff was walking through the J.C. Penney store when he observed a man with a mop. (Enayati
19 Depo Tr. 35:2-8.) Plaintiff saw no "wet floor" sign, took one or two more steps, and fell. (Id. at 37:1-8,
20 25; 38:1-6.) Plaintiff testified that he believes he fell because the floor was wet from being mopped. (Id. at
21 73:21-74:4.) The area in which Plaintiff fell was tiled, it was not carpeted. (Id. at 33:20-25.)

22     Plaintiff noticed a construction worker working on a ladder over a carpeted area fifteen feet to the
23 right of where he fell. (Id. at 33:20-24, 90:21-24.) RAS was involved in remodeling work in the J.C.
24 Penney Store. RAS had subcontractors who were electricians, painters, and people dusting glassware in
25 the J.C. Penney store, but did not have any workers doing any floor mopping in the store. (Brown Decl.
26 ¶¶ 3-4; Burbach Decl. ¶¶3-4.) Additionally, both current RAS Vice President Mike Brown and Jim

27 ——————————
28 cross-claim against RAS.

2

Burbach, Vice President at the time of the incident, stated they have "no reason to believe" that any of their subcontractors "would have been using water." (Brown Decl. ¶ 3; Burbach Decl. ¶3.).

### C. Law

In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages. <u>Ortega v. Kmart Corp</u>., 26 Cal.4th 1200, 1205 (2001). It is well established in California that, although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe. <u>Ortega</u>., 26 Cal.4th 1205 (2001); <u>Williams v. Carl Karcher Enterprises, Inc</u>., 182 Cal. App.3d 479, 488 (1986), <u>overruled on other grounds Soule v. General Motors Corp</u>., 8 Cal.4th 548, 574 (1994). In order to meet his burden of showing causation, a plaintiff

> must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

<u>Ortega</u>, 26 Cal.4th. at 1205-06 (<u>quoting</u> Prosser & Keeton, Torts (5th ed.1984) § 41, p. 269, fns. omitted.)

### D. No Evidence of Breach of Duty or Causation by RAS

Because RAS was involved in remodeling work at the store, RAS had a duty of due care to the store patrons, including Plaintiff. There is no evidence, however, that RAS breached its duty of care or that RAS was the cause of Plaintiff's damages. The mere possibility or speculation that RAS could have breached a duty and caused Plaintiff damage is insufficient to create a genuine dispute of material fact.

### III. CONCLUSION

Accordingly, It Is hereby Ordered that RAS's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated:  June  2, 2005              /s/ Patricia V. Trumbull
                                   PATRICIA V. TRUMBULL
                                   United States Magistrate Judge

3